## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM NEW | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 19-12096 |
| | * | |
| TEXAS PETROLEUM INVESTMENT COMPANY | * | SECTION "L" (5) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 6. The motion is unopposed. The Court now rules as follows.

## I.  BACKGROUND

This case arises from personal injuries allegedly suffered by Plaintiff William New while employed as a foreman and crew member aboard the M/V Miss Julia. R. Doc. 1-2 at 1. On or about November 14, 2016, Plaintiff avers he slipped and fell on the vessel's unreasonably slippery deck, sustaining injuries as a result. R. Doc. 1-2 at 1.

Plaintiff filed suit in state court against his employer and the vessel's owner, Defendant Texas Petroleum Investment Company ("Texas Petroleum"), seeking recovery for Texas Petroleum's negligence under the Jones Act and for "violat[ions of] its non-delegable duty to plaintiff to provide [Plaintiff] with a seaworthy vessel upon which to work" under general maritime law. R. Doc. 1-2 at 1–2. In the alternative, Plaintiff seeks relief pursuant to rule 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). R. Doc. 1-2 at 2. Plaintiff seeks recovery for past, present, and future medical expenses, lost wages, impaired earning capacity, general damages, and loss of enjoyment of life, as well as punitive damages. R. Doc. 1-2 at 2–3.

1

Defendant timely removed the case to federal court on the basis of diversity jurisdiction. R. Doc. 1. Defendant notes that complete diversity exists because Plaintiff is a citizen of Louisiana and Defendant is a Texas corporation with its principal place of business in Texas. R. Doc. 1 at 1. Defendant further notes that the amount in controversy will likely exceed $75,000 based on the nature of the suit and Plaintiff's allegations. R. Doc. 1 at 1.

## II.  PRESENT MOTION

Pending before the Court is Plaintiff's motion to remand. R. Doc. 6. Plaintiff argues that the Jones Act precludes removal jurisdiction even when a plaintiff joins his Jones Act claims with claims arising under general maritime law. R. Doc. 6-1. The motion is unopposed.

## III.  LAW AND ANALYSIS

As a general rule, Jones Act cases are not removable. *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999); *see also* 46 U.S.C. § 1445(a); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991). This rule does not apply, however, where a Jones Act claim is fraudulently pleaded. *See Fields*, 182 F.3d at 356. Thus, a state court Jones Act case may be removed to federal court if the assertion of Jones Act status is "baseless in law and fact" and brought "only to frustrate federal jurisdiction." *Burchett*, 48 F.3d at 175–76 (quoting *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1989)). Ordinarily, federal courts may only consider a plaintiff's pleadings to determine whether a Jones Act claim has been asserted, but a defendant may "pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* (quoting *Lackey*, 990 F.2d at 207); *Connelly v. Trico Marine Operators, Inc.*, No. CIV.A. 10-1665, 2012 WL 1900044, at *2 (E.D. La. May 24, 2012). The removing party, however, bears the "heavy" burden of

demonstrating that "there is no possibility that plaintiff would be able to establish a cause of action." *Burchett*, 48 F.3d at 175–76 (quoting *Lackey*, 990 F.2d at 207).

In this case, Defendant has not attempted to meet this "heavy" burden. Plaintiff's complaint clearly asserts Jones Act claims, as Plaintiff alleges that at the time of the accident, he was a foreman and crew member assigned to a vessel owned by his "Jones Act employer." R. Doc. 1-2 at 2. Meanwhile, Defendant's notice of removal contains no allegations of fraud, *see* R. Doc. 1, and Defendant has not filed an opposition to Plaintiff's motion to remand. The Court therefore declines to look past the pleadings in order to conclude that Plaintiff's Jones Act claims are fraudulent. Accordingly, the Court finds that removal was improper because the Jones Act precludes removal even when complete diversity exists between the parties.

## IV. CONCLUSION

Having found that Plaintiff asserts a claim arising under the Jones Act and entertaining no argument to the contrary,

**IT IS ORDERED** that Plaintiff's motion to remand is hereby **GRANTED** and the matter is remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, this 2nd day of October, 2019.

UNITED STATES DISTRICT JUDGE